[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10812
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cr-00175-RSB-CLR-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LANARD AKEEM MIKELL,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 25, 2021)

Before JORDAN, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

On October 1, 2019, a Southern District of Georgia grand jury indicted

Lanard Mikell for possession of a firearm by a convicted felon, in violation of

18 U.S.C. § 922(g)(1).  Mikell pled guilty and was sentenced to 29 months, to be served consecutively to a state court sentence for parole revocation.  He now appeals, arguing first that the District Court erred procedurally by considering his need for mental health treatment in crafting his sentence, in violation of *Tapia v. United States*[1] and second that the sentence imposed by the District Court is substantively unreasonable.[2]  We disagree and therefore affirm Mikell's sentence.

## I.

On February 17, 2019, the Savannah Police Department pulled over a vehicle, in which Mikell was a passenger, for an obstructed license plate and illegally tinted windows.  An initial search of Mikell revealed no weapons or drugs.  But a further search revealed a Rossi, Model M88, .38 caliber revolver concealed in Mikell's pants.  After locating the gun, Savannah Police arrested Mikell for possession of a firearm by a convicted felon and carrying a concealed weapon.

Mikell's arrest resulted in a violation of his parole for a state offense in Chatham County Superior Court, so on March 27, 2019, while awaiting federal indictment, Mikell was transferred to the custody of the Georgia Department of

---

[1] 564 U.S. 319, 131 S. Ct. 2382 (2011).

[2] Mikell argues that his sentence is procedurally and/or substantively unreasonable in light of *Tapia*.  Because we have stated that *Tapia* violations are procedural errors, we review only the procedural reasonability, and not the substantive reasonability, of Mikell's sentence under *Tapia*.  *See United States v. Vandergrift*, 754 F.3d 1303, 1310 (11th Cir. 2014).

Corrections to serve his state court sentence for parole revocation.[3]  A Southern District of Georgia grand jury subsequently indicted Mikell for a single count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). And on November 21, 2019, Mikell pled guilty pursuant to a written plea agreement.  Mikell was then remanded to the custody of the U.S. Marshals Service to await sentencing.

At the District Court's direction, the Court's probation office compiled a Presentence Investigation Report ("PSI").  In the PSI, the probation office assigned a base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6), because Mikell possessed a firearm as a prohibited person.  The probation office then decreased the offense level by two points, pursuant to § 3E1.1(a), because Mikell had admitted that he knowingly possessed a firearm as a convicted felon and thereby accepted responsibility.  This two-point reduction resulted in a total offense level of 12.

Mikell's criminal convictions resulted in a subtotal criminal history score of 9.  But because Mikell committed this crime while under a criminal justice

---

[3] On September 28, 2017, Mikell pled guilty in state court to 1) possession of controlled substances, 2) driving without a license, 3) obstruction of police, 4) providing false information to law enforcement, and 5) disregarding a traffic control device.  Mikell was sentenced to three years confinement on the first count and twelve months confinement on counts two through five to be served concurrently with the sentence for possession of controlled substances.  On January 31, 2019, Mikell was paroled, but his parole was subsequently revoked as a result of the conduct at issue here.  The maximum release date for his state court sentence is September 12, 2021.

sentence in Chatham County Superior Court, two points were added to his criminal history score, for a total score of 11. A criminal history score of 11 placed Mikell within criminal history category V. And Mikell's combined total offense level of 12 and criminal history category of V set his Guideline imprisonment range at 27 to 33 months.

The probation office recommended a sentence of 30 months, set to run consecutively with Mikell's state court sentence for parole revocation. Neither party objected to the findings in the PSI or the probation office's application of the Guidelines, but Mikell filed a Sentencing Memorandum for the District Court's consideration.

In his Sentencing Memorandum, Mikell requested that the District Court either (a) grant a variance below the Guidelines range and impose a sentence of 24 months or (b) sentence him at the low end of the Guidelines range at 27 months. Mikell also asked the District Court to set any sentence to run concurrently with his state sentence rather than consecutively. Mikell claimed that a consecutive sentence would be greater than necessary to achieve the goals enumerated in 18 U.S.C. § 3553(a).

In support of his request, Mikell stressed the traumatic events in his background: In 2012, he shot a man, leading to his arrest for murder before the case was ultimately dismissed as self-defense. Then, in 2014, Mikell became a

victim of gun violence himself; not long after being released from jail, Mikell was shot in retaliation for the 2012 killing.

Mikell emphasized the fact that two bullets from the 2014 shooting are still embedded in his body and that he bears other physical reminders of the violent incident. Mikell requested that the District Court consider his need for mental health treatment as a result of these events, citing a possible case of Post-Traumatic Stress Disorder. According to Mikell, "it [was] important for him to inform the Court of these [traumatic] events [in his background] so that the Court may better understand [his] personal characteristics and . . . consider them as a factor in determining the sentence in [his] case."

At sentencing, upon hearing no objection from either party, the District Court adopted all of the facts found within the PSI and the probation office's application of the Sentencing Guidelines. The Court then heard arguments regarding Mikell's sentence. The Government recommended a sentence at the low end of the Guidelines range, set to run consecutively to the state court sentence. Mikell, on the other hand, once again requested that the District Court consider his mental health in sentencing him to a term of imprisonment below the Guidelines range, set to run concurrently to his state court sentence for parole revocation. He reiterated his "unique situation"—having twice been affected by gun violence—

5

and added that, at the time, he had felt it was necessary to carry a gun to protect himself, though he now knew better.

After considering all the facts of Mikell's case through the lens of § 3553(a), the District Court sentenced Mikell to 29 months, to be served consecutively to the state sentence that Mikell was currently serving. The Court explained that Mikell's state sentence for parole revocation was a separate case. While the conduct at issue in federal court resulted in the parole revocation, the conduct underlying the state court case was unrelated, and separate punishment was therefore warranted.

The District Court noted that it had initially considered departing upward from the Guidelines sentencing range, but after reading Mikell's Sentencing Memorandum and learning more about Mikell's background, the Court decided a "very lengthy prison sentence may not be the best thing for [Mikell]." The District Court then recommended that Mikell be evaluated by the Bureau of Prisons ("BOP") for participation in substance abuse treatment as well as mental health treatment and counseling. In doing so, the District Court stated,

> Clearly you've got some issues that we've gotta get through while you're incarcerated. *And that's another reason that this sentence doesn't need to run concurrent to the state sentence,* because the BOP, the federal BOP is going to have opportunities for you and things that they can probably provide for you that may not be available while you're in state custody and clearly you need those resources in order for us to achieve the statutory purpose of sentencing, one of them which is correctional treatment. We've gotta

correct the pattern of behavior we've seen to this point, because it can't continue. It just can't.

At the conclusion of the hearing, the Court asked Mikell if he had any objections to his sentence or the manner in which it was imposed, other than those which had previously been stated for the record. Mikell voiced no objection. As relevant here, he did not object to the District Court's reference to his need for mental health treatment while imprisoned.

Mikell now appeals his within-guidelines sentence. He argues (1) that his sentence is procedurally unreasonable because the District Court considered his need for mental health treatment in crafting his sentence in violation of *Tapia v. United States*, and (2) that his sentence is substantively unreasonable. For the reasons that follow, we find Mikell's sentence to be both procedurally and substantively reasonable and thus affirm the District Court's judgment.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). As a part of that review, we first ensure that the district court did not commit any significant procedural error, such as improperly calculating the guideline range or considering an improper sentencing factor. *Id.*; *United States v. Alberts*, 859 F.3d 979, 985 (11th Cir. 2017). We then examine whether, in light of the totality of the circumstances and the purposes stated in 18 U.S.C. § 3553(a), the

7

sentence imposed is substantively reasonable. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597; *Alberts*, 859 F.3d at 985.

Issues not raised in the district court, however, are reviewed for plain error rather than abuse of discretion. *See United States v. Hano*, 922 F.3d 1272, 1283 (11th Cir. 2019). To show plain error, the defendant must show that there is (1) an error (2) that is plain and (3) that affected the defendant's substantial rights. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). If those three elements are met, we may then exercise our discretion to correct the error assuming it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (brackets and quotation marks omitted).

"An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009). And it does not affect the defendant's substantial rights unless the defendant shows a "'reasonable probability' that he would have received a lighter sentence but for the error." *See United States v. Jones*, 743 F.3d 826, 830 (11th Cir. 2014).

## III.

Mikell offers two grounds on which this Court might find his sentence to be unreasonable. First, he claims that the District Court considered his need for mental health treatment in deciding whether his sentence should run consecutively

or concurrently to his state court sentence for parole revocation, thereby rendering the sentence procedurally unreasonable under *Tapia v. United States*. Second, Mikell argues that the sentence the District Court imposed is substantively unreasonable. We remain unpersuaded.

## A.

We begin with Mikell's claim that his sentence is procedurally unreasonable in light of *Tapia v. United States*, 564 U.S. 319, 131 S. Ct. 2382 (2011). Because Mikell did not object on this ground at sentencing, Mikell's procedural argument is reviewed for plain error. *See Hano*, 922 F.3d at 1283.

In *Tapia*, the Supreme Court held that district courts cannot *impose* or *lengthen* a prison sentence in order to promote a criminal defendant's rehabilitation. *Tapia*, 564 U.S. at 321, 131 S. Ct. at 2385; *see also* 18 U.S.C. § 3582(a); 28 U.S.C. § 994(k). Since that decision, we have declined to limit *Tapia* to "situations where the district court either (1) specifically tailors the length of a defendant's sentence to permit completion of a rehabilitation program or (2) makes rehabilitation the 'dominant' factor in the sentencing court's calculus." *Vandergrift*, 754 F.3d at 1310. Instead, we have held that a district court errs whenever it merely "*considers* rehabilitation when crafting a sentence of imprisonment." *Id*. (emphasis in original).

9

Based on this broad language, we have concluded that practically any consideration of rehabilitation or mental health treatment in crafting a sentence constitutes plain error. *See Alberts*, 859 F.3d at 986. If the consideration of rehabilitation at sentencing is only an "ancillary concern" or a "minor fragment" of the district court's reasoning, however, the error cannot be said to affect a defendant's substantial rights. *See id.* In order for the defendant's substantial rights to be affected by the error, the defendant must show that the district court's sentence would have been different had it not considered rehabilitation. *See id.*

In *Vandergrift*, for example, we held that the District Court improperly considered Vandergrift's need for mental health treatment while crafting his prison sentence, *but* Vandergrift's substantial rights were not affected. *Vandergrift*, 754 F.3d at 1310–12. There, the District Court specifically mentioned Vandergrift's bipolar disorder and stated that it could "be helped in some way in the prison system." *Id.* at 1306. The Court also suggested that time in prison might save Vandergrift's life. *Id.* Based on these comments, we determined that the District Court violated *Tapia*. *Id.* at 1311.

Vandergrift failed, however, to prove that his sentence would have been different but for the Court's error: "The sentencing transcript reflect[ed] that Vandergrift's 'rehabilitative needs clearly constituted only a minor fragment of the court's reasoning.'" *Id.* at 1312. Consequently, we upheld Vandergrift's sentence

10

despite the *Tapia* error.  *Id.*  Mikell's claim fails for the same reason: He cannot show that but for the District Court's consideration of his need for mental health treatment, he would have spent less time in prison.

In light of the broad language in *Vandergrift*,[4] we will assume *arguendo*, that the District Court erred, and did so plainly, by considering rehabilitative needs—or Mikell's need for mental health programming—in setting Mikell's sentence to run consecutive to his state court parole violation.[5]  *See Vandergrift*, 754 F.3d at 1310–12; *see also Alberts*, 859 F.3d at 986.  But Mikell cannot show that this plain error affected his substantial rights because he cannot demonstrate that his sentence would have been shorter but for the error.  *See Jones*, 743 F.3d

---

[4] Remember that in *Vandergrift* we said that even considering mental health in crafting a sentence was a *Tapia* violation.  *Vandergrift*, 754 F.3d at 1310.

[5] It is not entirely clear to us that the District Court violated *Tapia*.  In our mind, the District Court did not impose or lengthen Mikell's sentence in order to ensure that he could obtain mental health treatment: There is no suggestion that the Court considered Mikell's need for mental health treatment in sentencing Mikell to 29 months in prison rather than a shorter sentence.  Instead, Mikell argues that the Court violated *Tapia* by setting his 29-month sentence to run consecutive, rather than concurrent, to his state court sentence for parole revocation.  But there is a statutory presumption that multiple terms of imprisonment imposed at different times will run consecutively unless the district court decides otherwise.  18 U.S.C. § 3584(a).  The District Court, therefore, did not affirmatively choose to make the sentence consecutive, ensuring Mikell would spend more time in prison.  Rather, the Court simply did not depart from the presumption of consecutive sentences.  So, while Mikell will spend longer in prison because the District Court set his federal sentence to run consecutive to his state sentence, the Court did not really lengthen Mikell's sentence based on a consideration of rehabilitation.  Mikell's federal sentence remains the same whether he serves it consecutively or concurrently.  It simply begins later.

Nevertheless, the District Court did state that the availability of mental health programs was "another reason" that Mikell's sentence should run consecutively to the state sentence rather than concurrently as Mikell requested.  Therefore, the District Court arguably considered mental health in crafting Mikell's sentence, as prohibited by *Vandergrift*.

at 830. In fact, the District Court suggested that it would have sentenced Mikell to a longer sentence were it not for Mikell's request that the Court consider his life experiences and need for mental health treatment.[6]

What's more, the District Court indicated that the main reason it set Mikell's sentence to run consecutively rather than concurrently to Mikell's state court sentence for parole revocation was to ensure that Mikell was adequately punished for the federal offense. Rehabilitation ultimately constituted only a minor fragment of the Court's reasoning; the Court mentioned Mikell's mental health needs only when recommending that Mikell be evaluated for participation in substance abuse treatment as well as mental health treatment and counseling while in prison. Therefore, we find Mikell's sentence to be procedurally reasonable.

## B.

We turn next to Mikell's claim that his sentence is substantively unreasonable. We will assume that Mikell preserved this issue on appeal and, consequently, review the substantive reasonableness of his sentence under an abuse of discretion standard. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

---

[6] If we were to take *Vandergrift*'s "considering" language to heart, this could also be considered error; the District Court evidently took into account Mikell's mental health in deciding not to impose a lengthier sentence, thereby considering rehabilitation in crafting his sentence. But because interpreting *Vandergrift* in this manner would go against the clear rationale of *Tapia*, we decline to do so. *See* 18 U.S.C. § 3582(a); 28 U.S.C. § 994(k). It would stretch *Tapia* beyond recognition to hold that a district court cannot consider a defendant's mental health needs in sentencing him or her to a shorter term of imprisonment.

In evaluating the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes stated in 18 U.S.C. § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). Under § 3553(a), district courts must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from the defendant's further crimes, and provide the defendant with appropriate correctional treatment. 18 U.S.C. § 3553(a). Section 3553(a) further directs district courts to take into consideration the "nature and circumstances" of the offense and the "history and characteristics" of the defendant. *Id.* § 3553(a)(1). Finally, § 3553(a) instructs district courts to consider the types of sentences available, the applicable Guidelines range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(3)–(7).

The weight given to any specific 18 U.S.C. § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district court need not specifically address every mitigating factor raised by the defendant in order for the sentence to be substantively reasonable. *See United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). Rather, "[a]n acknowledgment [that] the district court has considered the

defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted). After evaluating for reasonableness, we will only vacate a defendant's sentence if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). While we do not apply a presumption of reasonableness to sentences within the Guidelines range, we ordinarily expect such a sentence to be reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Here, Mikell's 29-month sentence is within the Guidelines range of 27 to 33 months, which weighs in favor of the sentence being deemed reasonable. And the District Court stated that it considered both the facts of his case and the relevant 18 U.S.C. § 3553(a) factors. The Court acknowledged the seriousness of the offense, the need to appropriately punish Mikell, and the need to deter future unlawful

behavior.  It also scrutinized Mikell's criminal history.  The Court thought about departing upward from the Sentencing Guidelines because, in the Court's words, Mikell had "just been around firearms way too much" and he "as much as anybody should understand the dangerousness of firearms."  But Mikell's Sentencing Memorandum and counsel's argument ultimately convinced the Court that a lengthier sentence would not achieve the statutory purposes of sentencing.  The above considerations satisfied the District Court's duty.  Thus, the District Court did not abuse its discretion in sentencing Mikell to a 29-month sentence, set to run consecutive to his state parole revocation sentence.

IV.

Because Mikell's sentence is both procedurally and substantively reasonable, we affirm.

**AFFIRMED.**